# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LOLITA STEPHENS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No.: 2:24-cv-00175-JHE |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION[1]

The Commissioner has moved to remand this action under sentence four of 42 U.S.C. § 405(g) for further evaluation. (Doc. 12). Plaintiff Lolita Stephens ("Stephens") opposes the Commissioner's motion, arguing that this court should remand for a calculation and award of benefits instead. (Doc. 14). Although the undersigned permitted the Commissioner to file a reply (*see* doc. 13), the Commissioner has not done so. As discussed below, the Commissioner's motion is **GRANTED IN PART** to the extent that the undersigned will remand this case. However, the undersigned will direct an award of benefits as requested by Stephens rather than remanding for further evaluation.

## I. Procedural History

Stephens filed an application for Social Security disability benefits on September 16, 2021, alleging an onset date of March 4, 2021. (Tr. 84, 112, 193–97). Her claim was initially denied (tr.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties in this case have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 8).

113–17, 125–34), and she requested a hearing before an administrative law judge ("ALJ") (tr. 137–38).

The ALJ held a hearing on May 1, 2023 (tr. 41–83), and subsequently issued a decision on June 29, 2023, finding Stephens was not disabled (tr. 7–29).

## II. Standard of Review[2]

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. It is "more than a scintilla, but less than a preponderance." *Id*.

This court must uphold factual findings that are supported by substantial evidence. However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining the proper legal

---

[2] In general, the legal standards applied are the same whether a claimant seeks SSI disability insurance benefits ("DIB"). However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in quoted court decisions.

analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan,* 936 F.2d 1143, 1145–46 (11th Cir. 1991).

### III. Statutory and Regulatory Framework

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505 (a). To establish entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520 (a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is engaged in substantial gainful activity

(2) whether the claimant has a severe impairment;

(3) whether the claimant's impairment meets or equals an impairment listed by the SSA;

(4) whether the claimant can perform his or her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

---

[3] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499.

*Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1312 (11th Cir. 2021). If a claimant satisfies Steps One and Two, he or she is automatically found disabled if he or she suffers from a listed impairment. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). "Once a claimant proves that she can no longer perform her past relevant work, the burden shifts to the Commissioner to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform." *Id.* (cleaned up).

### IV. Findings of the Administrative Law Judge

After consideration of the entire record and application of the sequential evaluation process, the ALJ made the following findings:

At Step One, the ALJ found that Stephens had not engaged in substantial gainful activity since March 4, 2021, her alleged onset date. (Tr. 12).

At Step Two, the ALJ found that Stephens has the following severe impairments: generalized anxiety disorder; major depressive disorder; trauma and stressor related disorder; and minimal degenerative changes of the lumbar spine. (Tr. 12).

At Step Three, the ALJ found Stephens does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14–17).

Before proceeding to Step Four, the ALJ determined Stephens' residual functioning capacity ("RFC"), which is the most a claimant can do despite her impairments. *See* 20 C.F.R. § 404.1545(a)(1). The ALJ determined:

> The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) which does not require that she meet production goals or quotas. She can occasionally stoop, crouch, crawl, kneel, and climb stairs. She can perform no climbing of ladders, ropes or scaffolds. She can have no concentrated exposure to extreme cold, heat or humidity. The claimant can understand,

4

>   remember, carry out, simple, routine tasks involving primarily 1 or 2 step instructions.

(Tr. 16).

At Step Four, the ALJ determined that Stephens was unable to perform any past relevant work. (Tr. 21–22).

At Step Five, the ALJ determined, considering Stephens' age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Stephens could perform. (Tr. 22–23). Therefore, the ALJ determined that Stephens has not been under a disability since her alleged onset date and denied her claim. (Tr. 24).

## V. Analysis

Both parties agree this case should be remanded. However, they dispute *how* it should be remanded: for further evaluation (in the Commissioner's view) or for calculation of benefits (in Stephens' view). Having considered the parties' briefing, the undersigned concludes that Stephens has supported her request for an award of benefits and remand for calculation of those benefits.

A sentence four remand is "based upon a determination that the Commissioner erred in some respect in reaching the decision to deny benefits . . . ." *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996). The Eleventh Circuit permits a district court to determine that a claimant is entitled to an award of benefits under 42 U.S.C. § 405(g) only where the Commissioner "has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (citation omitted). *See also Stewart v. Comm'r of Soc. Sec. Admin.*, 746 F. App'x 851, 855 (11th Cir. 2018) (quoting *Davis*, 985 F.2d at 534); *Jack v. Comm'r, Soc. Sec. Admin.*, 675 F. App'x 887, 890 (11th Cir. 2017) (noting that "an immediate award of benefits occurs in very limited

circumstances" and is not appropriate where it is "not clear that the cumulative effect of the evidence establishes disability without any doubt . . . .").

Here, the record evidence establishes that the ALJ relied on testimony from a vocational expert ("VE") pursuant to SSR 00-4p. (Tr. 23). As the ALJ characterized it, the VE testified that a hypothetical person with Stephens' RFC could perform several jobs: routing clerk, marking clerk, and copy machine operator. (Tr. 22–23). However, as Stephens notes in both her brief in support of disability (doc. 9 at 2–4) and in her opposition to the motion to remand (doc. 14 at 1–2), the ALJ misstated the VE's testimony. In fact, the VE testified that those jobs would be available without the ALJ's final limitation—understanding, remembering, and carrying out simple, routine tasks involving primarily one or two step instructions—but unavailable with that limitation:

> Q: All right. Okay, thank you. All right. Assume that I find from the evidence that we have a younger individual who has an Associate's degree who could perform light work with the restrictions of frequent stooping, crouching, crawling, kneeling, I'm going to say no climbing of ladders, ramps, and ropes. I'm writing this down as we speak here. She's able to occasionally climb stairs. I'm going to say no concentrated exposure to cold, heat, or humidity, no operation of hazardous machinery, no driving, no unprotected heights, and she can perform simple, routine, non-complex tasks. Let's set aside for the moment her past relevant work and tell me whether or not in your in your opinion if there would be any light work opportunities that you believe Ms. Stephens could perform as I've currently described her, please.
>
> A: Yes. The first job could be routing clerk, that DOT number is 222.687-022, it's light exertion, SVP 2, unskilled, there's approximately 106,000 in the nation. Another job could be -- let me make sure on that -- marking clerk, DOT number is 209.587-034, that's light exertion, SVP 2, unskilled, there is approximately 245,100 in the nation. And the last job could be copy machine operator, DOT number 207.685-014, light exertion, SVP 2, unskilled, and there's approximately 11,100 in the nation.
>
> Q: Would there be any sedentary work opportunities, please?

A: The first job, there could be cutter, paster, DOT number is 249.587-014, it's sedentary with an SVP 2, unskilled, there's approximately 11,800 in the nation. Another job is addresser, DOT number 209.587-010, sedentary, SVP 2, unskilled, there's approximately 20,700 in the nation. And another job then could be -- excuse me -- telephone quotation clerk, that DOT number 237.367-046, sedentary, SVP 2, unskilled, there's approximately 7,600 in the nation.

Q: Are these representative examples of jobs that you believe the claimant could performed as described, Ms. Cornett?

A: They are, Your Honor.

Q: All right then. Let's take a look at Ms. Stephens's past relevant work and tell me in your opinion, could she return to any of those occupations please?

A: No. Pardon? Hello?

Q: Ms. Cornett, I'm still here.

A: Okay. I thought -- no, Your Honor.

Q: Okay. Someone did say something here after you said that or there was a comment. I'm not sure who said that here, but it wasn't me. Then I just wanted to clarify so she could not return to no PRW. Let's go back to the original hypothesis. I want you to consider this limitation and the impact if any on your prior testimony. And the first restriction is that she can do no work requiring her to meet production goals or quotas. Let's start with -- I guess we can start with the sedentary jobs. Those were the last jobs you mentioned, what do you think?

A: No, Your Honor, there's no production in both jobs.

Q: All right, I see. Okay. What about the light job, what do you think about that?

A: No. And I know I use copy machine because there's going to be copying every day so there's never a quota that you have to copy 200 sheets mainly because you never know about, you know, machinery or what's going to happen with that so that as well would be no production rate quotas.

Q: Okay. All right, I see. All right. Let's go back to the original hypothesis and I want you to consider this limitation, the impact if any on your prior testimony and we'll work our way down the exertional ladder so to speak. **And she's able to understand, remember, carry out simple, routine tasks involving one and two step instructions for two-hour durations. The impact, if any, in your opinion that restriction would have on her ability to perform the light jobs?**

7

A: **It would be work preclusive, Your Honor. That simple, that's okay but the one to two steps there are no steps that have just one to two steps.**

(*See* tr. 75–78) (emphasis added).

In light of the above testimony, the ALJ's error was *solely* in synthesizing the RFC he found to be supported by substantial evidence with the VE's testimony he accepted as consistent with the Dictionary of Occupational Titles (*see* tr. 23). The ALJ's RFC findings plus his reliance on the VE's testimony—neither of which the Commissioner disputes[4]—compelled him to conclude that Stephens cannot work. In other words, this is the rare case in which ALJ "considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." *Davis*, 985 F.2d at 534. Accordingly, remand for an award of benefits is appropriate in this case.

## VI. Conclusion

For the reasons stated above, the Commissioner's motion to remand is **GRANTED IN PART** to the extent that the Commissioner's decision is **REVERSED**. This case is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for an award of benefits. A separate order will be entered.

DONE this 12th day of November, 2024.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE

---

[4] The Commissioner did not highlight any contrary evidence in the motion to remand, and the absence of a reply brief means there is nothing before the court challenging this conclusion.